**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **AKOLOUTHEO, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THOUGHTSPOT, INC.,**<br><br>**Defendant.** | **CIVIL ACTION NO.: 4:19-cv-270**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff"), makes the following allegations against ThoughtSpot, Inc. ("ThoughtSpot" or "Defendant").

## PARTIES

2. Akoloutheo is a Texas limited liability company, having its primary office at 15139 Woodbluff Dr., Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3. ThoughtSpot is a Delaware corporation with its principal place of business at 910 Hermosa Ct., Sunnyvale, CA 94085. ThoughtSpot also maintains a regional office in the Eastern District of Texas – located at 5700 Granite Pkwy, Suite 920, Plano, TX 75024. Defendant's Registered Agent for service of process in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendant has a regular and established place of business in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7. Defendant has established offices in Plano, Texas – within the Eastern District of Texas.






8. Defendant has infringed, and does infringe, by transacting and conducting business within the Eastern District of Texas. Upon information and belief, operations at Defendant's Plano location include sales, marketing, business development, and/or product support for Defendant's infringing instrumentalities:

# Systems Reliability Engineer

at ThoughtSpot (View all jobs)

Plano, TX

Are you looking to join one of the fastest growing software companies in the Bay Area? ThoughtSpot's AI-Driven analytics platform is disrupting the BI industry by making analytics 1000x faster and easier for non-technical business people.

**Job Description**

We are seeking a well-rounded **Systems Reliability Engineer (SRE)** who has a passion for working on complex systems. The right candidate for this position will have good communication as well as technical skills and will work hard to maximize customer satisfaction. The ability to work with cross-functional teams in a rapidly growing environment is important.

**Responsibilities**

- Troubleshoot, debug, and diagnose customer issues and drive them to closure.
- Monitor health of customer implementations to make sure the application and associated services are always available.

# Sales Development Representative

at ThoughtSpot (View all jobs)

Plano, TX

The value of data in the enterprise is rapidly increasing, but access to that data remains in the hands of highly skilled analysts and IT professionals. ThoughtSpot is building a truly revolutionary next-generation data analysis solution, bringing new technologies and ideas to a traditional, business-critical enterprise problem. Our team consists of a really smart and accomplished group of people from some of the most innovative technology companies. Check out our team at www.thoughtspot.com. ThoughtSpot raised $10.7 million in a Series A round led by Lightspeed Venture Partners in 2012.

We are looking for an inside sales professional to join our world-class team in Plano, TX. The right candidate for this position will have a demonstrated history of success in selling B2B solutions, preferably in the Business Intelligence, Data Warehousing, or Analytics space, as well as a track record of successfully working with both field sales and marketing to convert leads into qualified meetings. The ability to work independently in a rapidly growing environment is important, as is the ability to discuss the value of a technical product that appeals to both technical and non-technical audiences.

**Skills Required**

- Demonstrated success in enterprise inside sales.
- Experience with Business Intelligence, Data Warehousing, or Analytics.
- The ability to work independently in an environment that changes rapidly (we're a startup).
- A positive attitude and a desire to build a world-class company, as well as willingness to work closely with other functions within ThoughtSpot to achieve that.
- A strong focus on customer success.
- The desire to build a world-class company one customer at a time.
- Candidates based in Plano, TX or surrounding metropolitan areas are preferred.

9. Defendant's office in Plano, Texas is a regular and established place of business in this Judicial District, and Defendant has committed acts of infringement (as described in detail, hereinafter) at the Defendant's office within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,426,730

10. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and Adaptive Transaction Processing Between Uniform Information Services and Applications" – including all rights to recover for past, present and future acts of infringement. The '730 Patent issued on September 16, 2008, and has a priority date of April 19, 2001. A true and correct copy of the '730 Patent is attached as Exhibit A.

11. Defendant directly – or through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to software systems, cloud-based software, and/or software as a service (SaaS) (collectively, "software") for organizing, searching and analyzing business intelligence data across multiple networked resources – including, but not limited to, ThoughtSpot's ThoughtSpot and SpotIQ software systems ("ThoughtSpot Software").

12. The ThoughtSpot Software is the infringing instrumentality.

13. ThoughtSpot Software is distributed over a plurality of networked systems and resources:

> ThoughtSpot is deployed on a cluster of nodes – in the cloud, on-premises, or in private clouds – each of which has its own set of services and processes running in-memory. The Distributed Cluster Manager provides optimal distribution of workload for scale and performance as well as for fault tolerance, redundancy, and failover, while minimizing administrative overhead. ThoughtSpot also supports table sharding across multi-node clusters, massively parallel processing of queries, query caching for frequently used queries, just-in-time query compilation, and compression-aware query execution – all in an in-memory,

and accesses data across networked systems:

> **Maximum Sources. Minimum Modeling**
>
> Easily access data from any data source: on-premise, cloud, big data, or desktop, and be up and running in hours, not months.

14. ThoughtSpot Systems operate via web-browser access:

To set up and explore your data, access the ThoughtSpot application from a standard Web browser using a username and password. Before accessing ThoughtSpot, you need:

- The Web address (IP address or server name) for ThoughtSpot.
- A network connection.
- A Web browser.

A username and password for ThoughtSpot.

To sign in to ThoughtSpot from a browser:

1. Open the browser and type in the Web address for ThoughtSpot: `http://HOSTNAME_OR_IP`
2. Enter your username and password and click **Sign In**.




15. ThoughtSpot Systems provide business intelligence data in response to a user query:

SpotIQ is integrated directly into ThoughtSpot's search & AI-driven analytics experience. Once a user types in a question, the relational search engine calculates an answer in the form of a best fit visualization.




16. ThoughtSpot Systems process the user query and retrieve data from a pluarlity of networked data sources:






17. ThoughtSpot Systems maintain a registry of data resources utilized:

parallel in-memory data cache and calculation engine. As data is cached in ThoughtSpot, the entire data model is indexed, including the raw data, metadata, and relationships. This makes it easy and fast for




18. ThoughtSpot Systems dynamically process user transaction requests (queries), selecting information resources and performing operations on those resources to provide a resultant resource or result to the user:

Built on the ThoughtSpot next-generation AI-driven analytics platform, SpotIQ leverages ThoughtSpot's massively scalable high-performance computing backend, working with relational search hand-in-hand to curate deep and relevant insights for users that they may not have thought to look for on their own. With a single click, SpotIQ can automatically ask thousands of questions about billions of data points and bring back dozens of insights in seconds. It automatically generates a dashboard full of personalized insights, each accompanied by a smart narrative in natural language explaining what is meaningful in the data.

to focus on specific aspects of the data. Selecting either of these options will again kick off SpotIQ, which executes the following steps to augment the analysis with automated insights on the data.




19. ThoughtSpot Systems thus generate and process transaction requests for access to particular network resources.

20. ThoughtSpot Systems process the transaction request, select one or more responsive resources, and deliver access to a responsive resource through a user interface.

21. Plaintiff herein restates and incorporates by reference paragraphs 11 – 20, above.

22. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within ThoughtSpot Systems.

23. ThoughtSpot Systems comprise a networked computer system that provides a resultant resource according to a transaction request.

24. ThoughtSpot Systems comprise transaction processing module(s).

25. ThoughtSpot Systems comprise a plurality of networked resources communicatively coupled to provide specific data responsive to a transaction processed by a ThoughtSpot System.

26. ThoughtSpot Systems maintain registries of networked data resources and data characteristics for use in responding to transactions requests.

27. ThoughtSpot Systems process a transaction request utilizing contextual elements related to the request and/or the user entering the request.

28. ThoughtSpot Systems select one or more data resources, and perform one or more operations on those data resources to satisfy the transaction request.

29. ThoughtSpot Systems generate a resultant data resource responsive to the transaction request, and delivers that resultant data resource to the user via a user interface.

30. ThoughtSpot Systems infringe – at least – claims 1, 15, and 17 of the ‘730 Patent.

31. ThoughtSpot Systems literally and directly infringe – at least – claims 1, 15, and 17 of the ‘730 Patent.

32. ThoughtSpot Systems perform or comprise all required elements of – at least – claims 1, 15, and 17 of the ‘730 Patent.

33. In the alternative, ThoughtSpot Systems infringe – at least – claims 1, 15, and 17 of the ‘730 Patent under the doctrine of equivalents. ThoughtSpot Systems perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 15, and 17 of the ‘730 Patent. Any differences between the ThoughtSpot Systems and the claims of the ‘730 Patent are insubstantial.

34. ThoughtSpot Systems require end users to operate ThoughtSpot Systems in a manner prescribed and controlled by ThoughtSpot. End users must log in to ThoughtSpot servers and operate the ThoughtSpot Systems according to the predetermined operations and algorithms utilized in the ThoughtSpot Systems. ThoughtSpot therefore exercises control and/or direction over the performance of every action performed on or by a ThoughtSpot System, including those that are initiated by an end user via a user interface.

35. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within, or performed by, ThoughtSpot Systems or, in the alternative, performed by end users of ThoughtSpot Systems under the direction and control of ThoughtSpot – and are therefore attributable to ThoughtSpot.

36. In the alternative, therefore, ThoughtSpot Systems infringe – indirectly – claims 1, 15, and 17 of the '730 Patent, by virtue of ThoughtSpot's exclusive control and direction of the infringing instrumentalities and/or operations.

37. ThoughtSpot Systems, when used and/or operated in their intended manner or as designed, infringe – at least – claims 1, 15, and 17 of the '730 Patent, and ThoughtSpot is therefore liable for infringement of the '730 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '730 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '730 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

April 10, 2019

Respectfully Submitted,

By: /s/ *Ronald W. Burns*

Ronald W. Burns (*Lead Counsel*)
Texas State Bar No. 24031903
RWBurns & Co., PLLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF AKOLOUTHEO, LLC**