**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| AKOLOUTHEO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THOUGHTSPOT INC.,<br><br>Defendant. | Case No. 4:19-cv-270-ALM<br><br>JURY TRIAL DEMANDED |

**DEFENDANT THOUGHTSPOT, INC.'S ANSWER ANDAFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant ThoughtSpot Inc., ("ThoughtSpot") by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Akoloutheo, LLC, ("Plaintiff") and states its affirmative defenses as follows. Defendant denies all allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

1. ThoughtSpot admits that Plaintiff's Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. § 1 *et seq*. ThoughtSpot denies, however, that Plaintiff's Complaint sets forth a valid or meritorious claim for patent infringement, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

## PARTIES[1]

2. ThoughtSpot lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 2, and therefore denies the same.

3. With regard to the allegations in paragraph 3, ThoughtSpot admits that ThoughtSpot is a Delaware corporation with a principal place of business at 910 Hermosa Ct., Sunnyvale, CA 94085. ThoughtSpot further admits that it maintains an office in Plano, Texas but denies that the place of business maintains any documents or includes any employees with information relevant to this dispute. ThoughtSpot admits that it can be served via its registered agent at CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

4. With regard to the allegations in paragraph 4, ThoughtSpot admits that Plaintiff's Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States, and that this Court has subject matter jurisdiction over actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338(a). ThoughtSpot denies, however, that Plaintiff's Complaint sets forth a valid or meritorious claim for patent infringement, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

5. ThoughtSpot admits that it maintains a place of business within this district. ThoughtSpot denies the remaining allegations in paragraph 5, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

6. ThoughtSpot denies the allegations in paragraph 6, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

---

[1] To avoid confusion, ThoughtSpot uses the headings used by Plaintiff in its Complaint where appropriate, but ThoughtSpot does not intend any admissions or endorsements of their content.

7. With regard to the allegations in paragraph 7, ThoughtSpot admits that it maintains a place of business in Plano, Texas but denies that the place of business maintains any documents or includes any employees with information relevant to this dispute

8. ThoughtSpot admits that it maintains an office in Plano, Texas but denies the remaining allegations in paragraph 8, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

9. ThoughtSpot admits that it maintains a place of business within this district, but denies the remaining allegations in paragraph 9, and expressly denies that it has committed any acts of patent infringement as alleged in the Complaint.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,426,730

10. With regard to the allegations in paragraph 10, ThoughtSpot admits that Exhibit A to the Complaint appears on its face to be U.S. Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and Adaptive Transaction Processing between Uniform Information Services and Applications." ThoughtSpot further admits that the face of the '730 Patent indicates that the patent issued on September 16, 2008. ThoughtSpot lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in paragraph 10, and therefore denies the same.

11. ThoughtSpot admits that it sells products under the names of "ThoughtSpot" and "SpotIQ." ThoughtSpot denies the remaining allegations contained in paragraph 11 of the Complaint.

12. ThoughtSpot denies the allegations in paragraph 12 of the Complaint in their entirety.

13. ThoughtSpot admits that paragraph 13 purports to show undated and unspecified screenshots concerning ThoughtSpot products. ThoughtSpot denies the remaining allegations and characterizations contained in paragraph 13 of the Complaint.

14. With regard to the allegations in paragraph 14, ThoughtSpot admits that it offers products that operate via web-browser access to the extent it understands the allegation. ThoughtSpot further admits that paragraph 14 purports to show an undated and unspecified screenshot concerning ThoughtSpot products. ThoughtSpot denies the remaining allegations contained in paragraph 14 of the Complaint.

15. ThoughtSpot admits that paragraph 15 purports to show an undated and unspecified screenshot that references "SpotIQ." ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies any remaining allegations in paragraph 15. To the extent that ThoughtSpot understands the allegations in paragraph 15, it denies the same.

16. ThoughtSpot admits that paragraph 16 purports to show undated and unspecified screenshots that reference "ThoughtSpot." ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies any remaining allegations in paragraph 16. To the extent that ThoughtSpot understands the allegations in paragraph 16, it denies the same.

17. ThoughtSpot admits that paragraph 17 purports to show an undated and unspecified screenshot that references "ThoughtSpot." ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation because ThoughtSpot is unable to determine which

"ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies any remaining allegations in paragraph 17. To the extent that ThoughtSpot understands the allegations in paragraph 17, it denies the same.

18. ThoughtSpot admits that paragraph 18 purports to show an undated and unspecified screenshot that references "ThoughtSpot" and "SpotIQ." ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies any remaining allegations in paragraph 18. To the extent that ThoughtSpot understands the allegations in paragraph 18, it denies the same.

19. With regard to the allegations in paragraph 19, ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies the allegations in paragraph 19. To the extent that ThoughtSpot understands the allegations in paragraph 19, it denies the same.

20. With regard to the allegations in paragraph 20, ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies the allegations in paragraph 20. To the extent that ThoughtSpot understands the allegations in paragraph 20, it denies the same.

21. With regard to the allegations in paragraph 21, ThoughtSpot repeats and incorporates its responses to the allegations of the preceding paragraphs.

22. ThoughtSpot denies the allegations of paragraph 22 in their entirety.

23. With regard to the allegations in paragraph 23, ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation at least because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies the allegations in paragraph 23. To the extent that ThoughtSpot understands the allegations in paragraph 23, it denies the same.

24. With regard to the allegations in paragraph 24, ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation at least because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies the allegations in paragraph 24. To the extent that ThoughtSpot understands the allegations in paragraph 24, it denies the same.

25. With regard to the allegations in paragraph 25, ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation at least because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies the allegations in paragraph 25. To the extent that ThoughtSpot understands the allegations in paragraph 25, it denies the same.

26. With regard to the allegations in paragraph 26, ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation at least because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies the allegations in paragraph 26. To the extent that ThoughtSpot understands the allegations in paragraph 26, it denies the same.

27. With regard to the allegations in paragraph 27, ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation at least because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to.

Therefore, ThoughtSpot denies the allegations in paragraph 27. To the extent that ThoughtSpot understands the allegations in paragraph 27, it denies the same.

28. With regard to the allegations in paragraph 28, ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation at least because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies the allegations in paragraph 28. To the extent that ThoughtSpot understands the allegations in paragraph 28, it denies the same.

29. With regard to the allegations in paragraph 29, ThoughtSpot lacks information sufficient to form a belief about the truth of the allegation at least because ThoughtSpot is unable to determine which "ThoughtSpot Systems" or combination thereof Plaintiff is referring to. Therefore, ThoughtSpot denies the allegations in paragraph 29. To the extent that ThoughtSpot understands the allegations in paragraph 29, it denies the same.

*30.* ThoughtSpot denies the allegations of paragraph 30 in their entirety.

31. ThoughtSpot denies the allegations of paragraph 31 in their entirety.

32. ThoughtSpot denies the allegations of paragraph 32 in their entirety.

33. ThoughtSpot denies the allegations of paragraph 33 in their entirety.

34. ThoughtSpot denies the allegations of paragraph 34 in their entirety.

35. ThoughtSpot denies the allegations of paragraph 35 in their entirety.

36. ThoughtSpot denies the allegations of paragraph 36 in their entirety.

37. ThoughtSpot denies the allegations of paragraph 37 in their entirety.

## DEMAND FOR JURY TRIAL

No response is required for Plaintiff's demand for a jury trial.

## PRAYER FOR RELIEF

ThoughtSpot denies that Plaintiff is entitled to any relief in connection with the allegations in the complaint, including, without limitation, the allegations of Paragraphs (a) through (f) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that ThoughtSpot bears the burden of proof as to any of the following affirmative defenses, ThoughtSpot asserts the following defenses based upon information and belief:

### First Affirmative Defense
**Invalidity of the Patents-in-Suit**

One or more claims of the '730 Patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Second Affirmative Defense
**Non-Infringement**

ThoughtSpot has not infringed, and does not infringe, any valid claim of the '730 Patent, literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, willfully, or in any other manner. Therefore, ThoughtSpot is not liable for any infringement thereof.

### Third Affirmative Defense
**Prosecution History Estoppel**

Plaintiff is estopped, by virtue of the prior art and statements and amendments made during the prosecution of the '730 Patent from asserting infringement of one or more claims of the '730 Patent against ThoughtSpot either literally or under the doctrine of equivalents.

**Fourth Affirmative Defense**
**Limitations on Recovery**

Plaintiff's claims for damages and other remedies are limited by 35 U.S.C. §§ 286, 287, and/or 288. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**Fifth Affirmative Defense**
**Barring of Claims for Injunctive Relief**

Plaintiff is not entitled to injunctive relief against ThoughtSpot because any alleged injury is neither immediate nor irreparable. Plaintiff has an adequate remedy at law for its alleged injury. The balance of hardships do not favor an injunction, and the public interest would be disserved by an injunction. On information and belief, Plaintiff does not compete with ThoughtSpot and does not practice the alleged inventions of the '730 Patent.

**Sixth Affirmative Defense**
**Equitable Defenses**

Plaintiff's claims of infringement of the '730 Patent are barred, in whole or in part, under the doctrine of laches, waiver, estoppel, and/or other equitable defenses.

**Seventh Affirmative Defense**
**Failure to Mark**

To the extent that Plaintiff and any predecessors in interest to the patents-in-suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the patents-in-suit, ThoughtSpot is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '730 Patent.

**<u>Eighth Affirmative Defense</u>**
**Narrow Scope**

The claims of the ’730 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by ThoughtSpot.

**<u>Ninth Affirmative Defense</u>**
**Failure to State a Claim**

Plaintiff’s Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by ThoughtSpot practices every limitation of any claim of the ’730 Patent.

**<u>Reservation of Additional Defenses</u>**

Defendant’s investigation on this matter is ongoing. It reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendant requests that the Court enter judgment in its favor and against Plaintiff as follows:

(a) A judgment in favor of ThoughtSpot and against the Plaintiff;

(b) A judgment that dismisses Plaintiff’s Complaint with prejudice;

(c) A judgment that denies any injunctive relief in favor of Plaintiff against ThoughtSpot;

(d) A judgment that the asserted claims of the ’730 Patent are invalid and unenforceable;

(e) A judgment that Defendant has not infringed, directly, contributorily, or by inducement, any asserted claim of the ’730 Patent;

(f) An order awarding Defendant its costs of litigation;

(g) Such further equitable or other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ThoughtSpot hereby demands a trial by jury on all issues so triable.

Duane Morris LLP

By: /s/ *Daniel McCloskey*
Robin McGrath (493115)
DUANE MORRIS, LLP
1075 Peachtree NE, Suite 2000
Atlanta, GA 30309-3929
Telephone: +1 404 253 6900
Fax: +1 404 253 6901

Daniel T. McCloskey (SBN 191944)
DUANE MORRIS, LLP
2475 Hanover Street
Palo Alto, CA 94304-1194
Telephone: +1 650 847 4176
Fax: +1 650 523 4780
E-mail: dtmccloskey@duanemorris.com

*Attorneys for Defendant*
*ThoughtSpot, Inc.*

Dated: June 20, 2019

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 21, 2019 on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*Daniel McCloskey*

Daniel McCloskey

DM2\10044722